IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TRAVIS STARR**                                                                                    **PLAINTIFF**

vs.                                          No. 5:20-cv-1299

**TEXAS SKYWAYS, INC.,**                                                          **DEFENDANTS**
**MILDRED J. JOHNSON and**
**ERIC BRADLEY STEPHENSON**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Travis Starr ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Texas Skyways, Inc., Mildred J. Johnson and Eric Bradley Stephenson (collectively "Defendant" or "Defendants"), he states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Plaintiff was employed by Defendant within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5.     Plaintiff is an individual and resident of Bexar County.

6.     Separate Defendant Texas Skyways, Inc. ("Texas Skyways"), is a domestic, for-profit corporation.

7.     Texas Skyways's registered agent for service is Mildred J. Johnson, at 308 Boerne Stage, Boerne, Texas 78006.

8.     Separate Defendant Mildred J. Johnson ("Johnson") is an individual and resident of Texas.

9.     Separate Defendant Eric Bradley Stephenson ("Stephenson") is an individual and resident of Texas.

10.     Defendant maintains a website at https://www.txskyways.com/.

## IV.     FACTUAL ALLEGATIONS

11.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Johnson is a principal, director, officer, and/or owner of Texas Skyways.

13.     Johnson took an active role in operating Texas Skyways and in the management thereof.

14.     Johnson, in her role as an operating employer of Texas Skyways, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15.     Johnson, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16.     Johnson acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.     Stephenson is a principal, director, officer, and/or owner of Texas Skyways.

18.     Stephenson took an active role in operating Texas Skyways and in the management thereof.

19.     Stephenson, in his role as an operating employer of Texas Skyways, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

20.     Stephenson, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

21.     Stephenson acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     Texas Skyways acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

23.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as airplanes.

24.      Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

25.     Defendant owns and operates an airplane engine modification company.

26.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

27.     Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

28.     Specifically, Defendant employed Plaintiff as a test pilot from October of 2018 until October of 2020. In April of 2019, Plaintiff also began working as Defendant's director of operations.

29.     In April of 2019, Plaintiff and Defendant entered into an oral agreement whereby Defendant would pay wages earned by Plaintiff to Natalie Starr instead of to Plaintiff.

30.     Defendant did not pay wages to Plaintiff for the duration of his employment, nor did Defendant pay Plaintiff's wages to Natalie Starr.

31.     At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding his employment.

32.  Plaintiff worked approximately twenty hours per week.

33.  Plaintiff was not paid for any of those hours.

34.  Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

35.  Defendant knew or should have known that Plaintiff was working hours off-the-clock for which he was not compensated.

36.  At all relevant times herein, Defendant has deprived Plaintiff of regular wages and of overtime compensation for any hours worked over forty per week.

37.  Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.    CLAIM FOR RELIEF—FLSA Violation

38.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

39.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

42.     Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

43.     Defendant knew or should have known that its actions violated the FLSA.

44.     Defendant's conduct and practices, as described above, were willful.

45.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

46.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Travis Starr respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, and its related regulations;

D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TRAVIS STARR**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
blake@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com